UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Criminal No. H-10-888 |
| BICH XUAN DANG, | § | |
| Defendant. | § | |

PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for Southern District of Texas, the defendant, Bich Xuan Dang, and the defendant's counsel, Baldemar Zuniga, have entered into the following plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure:

The Defendant's Agreements

1. The defendant agrees to plead guilty to Count One of the Indictment. Count One charges the defendant with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii). By entering this Agreement, the defendant waives any right to have the facts that the law makes essential to the punishment either charged in the Indictment, proved to a jury, or proven beyond a reasonable doubt. The defendant also agrees that the high end of the applicable Guidelines range will be the appropriate sentence.

Punishment Range

2. The statutory penalty for each violation of 21 U.S.C. § 841(b)(1)(B)(vii) is imprisonment of not less than five years and not more than forty years and/or a fine of not more than $2,000,000.[1] Additionally, the defendant may receive a term of supervised release after

---

[1] The fine increased to $5,000,000.00 after the date of the defendant's offense.

criminal\dang,b-x\plea agmt

imprisonment of at least four years. 21 U.S.C. § 841(b)(1)(B). The defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the defendant may be imprisoned for up to three years, without credit for time already served on the term of supervised release prior to such violation. 18 U.S.C. §§ 3559(a)(2) and 3583(e)(3). The defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing the defendant will pay to the Clerk of the United States District Court a special assessment in the amount of $100.00, representing $100.00 per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

4.      The defendant understands that under the *United States Sentencing Commission Guidelines Manual* (hereafter referred to as "*Sentencing Guidelines*" or "U.S.S.G."), the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the United States for the costs of any imprisonment or term of supervised release, if any is ordered.

5.      The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and the defendant will not attempt to avoid or delay payment. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands that the Court will determine the amount of full restitution to compensate all victim(s). Defendant agrees that restitution imposed by the Court will be due and payable

immediately, and defendant will not attempt to avoid or delay payment. Defendant agrees to take all steps necessary to assist fully in the collection of restitution.

## Cooperation

6. The parties understand that the Agreement carries the potential for a motion for departure pursuant to U.S.S.G. § 5K1.1. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to U.S.S.G. § 5K1.1. The defendant agrees to persist in his guilty plea through sentencing and to cooperate fully with the United States. The defendant understands and agrees that the United States will request that sentencing be deferred until his cooperation is complete.

7. The defendant understands and agrees that the term "cooperate fully" as used in this Agreement includes providing all information relating to any criminal activity known to the defendant, including but not limited to illegal arms possession, organized crime, and narcotics distribution offenses. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a)    The defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. The defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this Agreement.

    (b)    The defendant agrees to voluntarily attend any interviews and conferences as the United States may request.

    (c)    The defendant agrees to provide truthful, complete, and accurate information and testimony; and he understands that any false statements he makes to the Grand Jury, at any court proceeding (criminal or civil), or to a government agent or

attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes.

(d) The defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(e) Should the recommended departure, if any, not meet the defendant's expectations, the defendant understands that he remains bound by the terms of this Agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal

8. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in 18 U.S.C. § 3742. Additionally, the defendant is aware that 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, including but not limited to proceedings authorized by 28 U.S.C. § or 2255. In the event that the defendant files a notice of appeal following sentencing, the United States will assert its rights under this Agreement and seek specific performance of this waiver.

9. In exchange for this Agreement with the United States, the defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed, in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates any provision of this Agreement, or (c) the defendant's plea is later withdrawn.

10. In agreeing to these waivers, the defendant is aware that a sentence has not yet

been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the *Sentencing Guidelines* that he may have received from his counsel, the United States, or the Probation Office is a prediction, not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. The defendant further understands and agrees that the *Sentencing Guidelines* are "effectively advisory" to the Court. *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, the defendant understands that, although the Court must consult the *Sentencing Guidelines* and must take them into account when sentencing him, the Court is bound neither to follow the *Sentencing Guidelines* nor to sentence the defendant within the guideline range calculated by use of the *Sentencing Guidelines*.

11. The defendant understands and agrees that each and all of his waivers contained in this Agreement are made in exchange for the corresponding concessions and undertakings to which this Agreement binds the United States.

## The United States' Agreements

12. The United States agrees that, if the defendant pleads guilty to Count One of the Indictment and persists in that plea through sentencing, and if the Court accepts this Agreement, it will dismiss Counts Two and Three of the Indictment.

## United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under the *Sentencing Guidelines*. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any

investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with the defendant's counsel and the Probation Office; and

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and 18 U.S.C.§ 3553(a).

Sentence Determination

14. The defendant is aware that the sentence will be imposed by the Court after consideration of the *Sentencing Guidelines*, which are only advisory, as well as the provisions of 18 U.S.C. § 3553(a). The defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which the defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable *Sentencing Guidelines*. The defendant understands and agrees that the parties' positions regarding the application of the *Sentencing Guidelines* do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, the defendant cannot, for that reason alone, withdraw a guilty plea, and he will remain bound to fulfill all of his obligations under this Agreement.

Rights at Trial

15. The defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. The defendant understands that by entering into this Agreement, he

surrenders certain rights as provided herein. The defendant understands that the rights of a defendant include the following:

- (a) If the defendant persisted in a plea of not guilty to the charges, the defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the Court all agree.

- (b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. The defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

- (c) At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

Factual Basis for Guilty Plea

16. The defendant is pleading guilty because he *is* guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish the defendant's guilt:

*In June 2009, a Harris County deputy received information from a confidential informant that an Asian organized crime group had converted a two-storey house at 3331 Siebenthaler Lane, Katy, Texas, into a hydroponic marijuana grow house. The CI provided the deputy details of the interior of the house. He also informed the deputy that the crime group used its own electricians, to bypass the electric company's power box, and its own trash hauling service, thereby minimizing the likelihood that law enforcement would scrutinize its activities.*

*The deputy conducted periodic surveillance of the house from July - November 2009. He noted anomalies in routine behavior as compared to other residences in the neighborhood. The occupants never placed trash receptacles on the street during trash collection days; rather, vehicles operated by various Asian males arrived and departed shortly thereafter. The yard was unkempt. Window blinds were never opened, and windows lacking blinds were covered with*

*black plastic lining. These anomalies are characteristics of indoor hydroponic grow facilities.*

*On Monday, December 7, 2009, the deputy and a colleague attempted a knock and talk investigation at 3331 Siebenthaler. The residence was open to the street without an intervening fence. When no one answered, a Katy police officer and his canine partner conducted an open air sniff. The dog alerted to the smell of narcotics at the closed garage doors and at the air conditioning units. The garage was attached to the house.*

*Based on the CI's information and the dog's alert, the deputy submitted an affidavit and application for a search warrant, which was approved and executed the same day.*

*When the deputy entered the house, he encountered Bich Xuan Dang sitting on a twin bed just inside the front door. At the foot of the bed, within Dang's reach, was a couch with a pillow on the seat. The deputy found a Glock 19 9 mm pistol under the pillow. It was loaded with six live rounds. The deputy also found a partially loaded 30 round Glock magazine located near the bed.*

*The house had been converted to a hydroponic grow facility. Officers seized 289 marijuana plants and a large blue tub filled with dried marijuana (~ total weight of all marijuana in the house was 67 lbs.), 23 Hydrotek High Intensity Grow Lamps, 23 Extrason Grow Light Convertible Ballasts, 12 blower fans, sophisticated water and air filtration systems, and growth media and other items commonly found in grow houses.*

*The subsequent laboratory report and testing confirmed that the seized substance was in fact marijuana.*

*With respect to Count One of the Indictment, the defendant knowingly possessed a controlled substance, the substance was in fact marijuana plants, the defendant possessed the marijuana plants with the intent to distribute them, and the quantity of the marijuana was 100 or more plants.*

Breach of Plea Agreement

17. If the defendant fails in any way to fulfill completely all of his obligations under this Agreement, the United States will be released from its obligations hereunder, and the defendant's plea and sentence will stand. If at any time the defendant retains, conceals, or disposes of assets in violation of this Agreement, or if the defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States

may ask the Court to set aside his guilty plea and reinstate prosecution. Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to execution of this Agreement, and all leads derived therefrom, will be used against the defendant in any prosecution.

18. Whether the defendant has breached any provision of this Agreement shall be determined solely by the United States, whose judgment shall be final.

## Parties Bound by this Agreement

19. The defendant agrees that this Agreement binds the United States Attorney for the Southern District of Texas and the defendant; and that it does not bind any other United States Attorney or any other component of the United States Department of Justice.

## Complete Agreement

20. This Agreement, consisting of ten pages, together with the attached addendum signed by the defendant and his attorney, constitutes the complete plea agreement between the United States, the defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Agreement. The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

21. Any modification of this Agreement must be in writing and signed by all parties.

Signed at Houston, Texas, on February 22, 2012.

_____
BICH XUAN DANG
Defendant

Subscribed and sworn to before me on February 22, 2012.

                                    DAVID J. BRADLEY
                                    United States District Clerk

                    By: _____
                          Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
United States Attorney

By: _____      _____
Michael B. Kusin                          BALDEMAR ZUNIGA
Assistant United States Attorney      Attorney for Defendant
(713) 567-9389                             6200 Savoy
                                                      Suite 354
                                                      Houston, TX 77036
                                                      (713) 378-4529

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Criminal No. H-10-888 |
| BICH XUAN DANG, | § | |
| Defendant. | § | |

## ADDENDUM TO PLEA AGREEMENT

I have fully explained to the defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the *United States Sentencing Commission Guidelines Manual*, and I have fully and carefully explained to the defendant the provisions thereof which may apply in this case. I have also explained to the defendant that the *Sentencing Guidelines* are only advisory and the Court may sentence the defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of the Agreement with the defendant. To my knowledge, the defendant's decision to enter into the Agreement is an informed and voluntary one.

_____        02/22/12
Baldemar Zuniga, Attorney        Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the *United States Sentencing Commission Guidelines Manual* which may apply in my case. I have read and carefully reviewed every part of the Agreement with my attorney. I understand the Agreement, and I voluntarily agree to its terms.

_____        02/22/12
Bich Xuan Dang, Defendant        Date